IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSE GUZMAN, ANGEL GAMERO, Individually and on Behalf of All Others Similarly Situated, <br><br>*Plaintiffs,*<br><br>v.<br><br>GS FIRE PROTECTION, LLC, and BRENT A. EAKINS,<br><br>*Defendants.* | § § § § § § § § § § § § § § § | CIV. A. NO. 4:19-cv-00214 |

## **JUDGMENT**

Plaintiffs' Motion for Default Judgment against Defendants GS Fire Protection, LLC and Brent A. Eakins ("Defendants") is before the Court. Under Federal Rule of Civil Procedure 55(b)(2), it appears that judgment by default should be entered against Defendants GS Fire Protection LLC and Eakins based on the following:

1. This is a collective action under the Fair Labor Standard's Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages, attorney fees, costs, and interest. Plaintiffs filed this action on behalf of themselves and all others similarly situated on March 19, 2019. [Dkt. 1]

2. Defendants were served with copies of the Summons and Complaint by personal service on March 21, 2019, at the address for GSFP listed in the Texas Secretary of State's database, 125 Richardson Ct, Ste. 150, Allen, Texas 75002. *See* Return of Service (Dkt. 4 & 5).

3. Defendants' Answer was due on April 11, 2019. More than 60 days have passed since service was completed, and Defendants have not filed an answer or otherwise defended this lawsuit.

4. The Clerk entered Default against Defendants on May 24, 2019. [Dkt. 10] Where a default occurs, well-pleaded factual allegations in the complaint must be taken as true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). According to Plaintiff's original complaint, GSFP and Eakins employed Plaintiffs to install and/or repair fire-protection systems during the three-year period preceding this action. Defendants employed Guzman from February 2014 to November 2018 and Gamero from July 2018 to January 2019. The Court also finds that Defendants for years misclassified and treated Plaintiffs as "independent contractors" rather than employees. Despite that, Plaintiffs fit within the FLSA's expansive definition of "employee." *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008)(noting that the FLSA's definition of "employee" is "particularly broad" and a worker's classification rests on whether she is economically dependent upon the alleged employer to execute her work). Plaintiffs were not in business for themselves, but rather were almost wholly dependent on Defendants as a matter of economic reality.

5. Defendants routinely required Plaintiffs to work more than 40 hours in a workweek. GSFP and Eakins knew that Plaintiffs routinely worked more than 40 hours in a workweek because they maintained a punch-card system and required Plaintiffs to clock-in and clock-out at the start and end of workdays. Despite requiring and/or knowingly permitting Plaintiffs to work these long hours, Defendants only paid Plaintiffs' regular

hourly rates for each hour of work (with few exceptions for Sunday work) and failed to pay any overtime premium for hours beyond 40 in a workweek.

6. Defendants knowingly carried out their illegal pattern and practice of failing to pay overtime compensation or at least were reckless in disregarding their legal obligations under the FLSA.

7. The Court finds that Defendants acted knowingly and/or in reckless disregard for their legal obligations under the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Willful FLSA violations carry a three-year statute of limitations. 29 U.S.C. § 255(a).

8. Defendants' willful FLSA violations caused Plaintiffs to suffer significant damages in the form of unpaid overtime compensation. The Court accepts Plaintiffs' evidence of their hours worked and finds that their estimates of the amount of overtime wages owed is reasonable. Plaintiffs' request for $18,924.73 in overtime damages is GRANTED. Plaintiffs' damages are summarized below:

|  | OT Hours | OT Premium (0.5 regular rate) | Unpaid OT | Liquidated damages | Total Damages |
|---|---|---|---|---|---|
| Guzman | 1,456.20 (Period 1); 729.43 (Period 2) | $7.50/hr (Period 1); $7.75/hr (Period 2) | $16,574.59 | $16,574.59 | $33,149.18 |
| Gamero | 361.56 | $6.50/hr | $2,350.14 | $2,350.14 | $4,700.28 |
|  |  |  |  | TOTAL | $37,849.46 |

Judgement is hereby entered in favor of Plaintiffs Jose Guzman and Angel Gamero for actual damages.

9. The Court also finds that Defendants misclassified Plaintiffs in bad faith, thereby entitling Plaintiffs to liquidated damages equal to the unpaid overtime compensation owed. *See* 29 U.S.C. § 216(b). The FLSA provides that an employee may

recover, in addition to the amount of overtime compensation, and equal amount as liquidated damages when the employer acts in bad faith. Consequently, Plaintiffs' request for liquidated damages is GRANTED. Judgement is entered for Plaintiffs for liquidated damages.

10. Plaintiffs also seek attorney's fees and costs under 29 U.S.C. § 216(b). The Court finds that the amount of reasonable and necessary attorney's fees is $44,880.00. The Court also finds that the reasonable rates for Plaintiffs' counsel are $450/hour for James Sanford, $250/hour for Sean Goldhammer, $325/hour for Stephanie Gharakhanian, and $100/hour for paralegal services. Accordingly, the Court finds that the appropriate lodestar is $44,880.00. In addition to fees, the Court finds that the amount of reasonable expenses incurred by Plaintiffs in pursuing these claims is $637.36. The Plaintiffs' motion for attorney's fees and costs is therefore GRANTED in the amount of $45,517.36. Judgment is hereby entered for Plaintiffs for attorney's fees and costs.

11. Under Federal Rule of Civil Procedure 55(b)(2), it appears that judgment by default should be entered against Defendants GS Fire Protection LLC and Eakins. Plaintiffs have certified to personal jurisdiction and service of process and that neither defendant is an infant, incompetent person, or in active military service of the United States of America or its officers or agents. Defendants have not appeared in this action. The clerk's default of the defendants was entered on May 24, 2019. The amount claimed is a sum certain in the amount of $83,366.82.

It is therefore ORDERED, ADJUDGED, and DECREED that judgment is hereby entered in favor of Plaintiffs Jose Guzman and Angel Gamero and that:

a. Plaintiffs Jose Guzman and Angel Gamero have and recover from Defendants GSFP and Brent A. Eakins, jointly and severally, the principal sum of $18,924.73 in unpaid overtime compensation;

b. Plaintiffs Jose Guzman and Angel Gamero have and recover from Defendants GSFP and Brent A. Eakins, jointly and severally, the principal sum of $18,924.73 in liquidated damages;

c. Plaintiffs Jose Guzman and Angel Gamero have and recover from Defendants GSFP and Brent A. Eakins, jointly and severally, reasonable attorney's fees in the amount of $44,880.00 and $637.36 in expenses;

d. All sums awarded above shall bear post-judgment interest at the rate of 1.94% per annum until paid.